UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MEL M. BISHOP, ET AL.

                    CIVIL ACTION

VERSUS

                    NUMBER 10-124-BAJ-SCR

MAY AND YOUNG HOTEL, L.L.C.,
ET AL.

## **NOTICE**

      Please take notice that the attached Supplemental Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 5, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MEL M. BISHOP, ET AL.

CIVIL ACTION

VERSUS

NUMBER 10-124-BAJ-SCR

MAY AND YOUNG HOTEL, L.L.C.,
ET AL.

## SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

Again before the court is the Plaintiffs' Motion to Remand. Record document number 8.

After considering the Plaintiffs' Objections to the Report and Recommendation of the Magistrate Judge Regarding Plaintiffs' Remand Motion[1] the district judge recommitted the Plaintiffs' Motion to Remand to the undersigned magistrate judge.[2]

Plaintiffs made two objections to the report and recommendation. Plaintiffs complained that the undersigned magistrate judge erred in:

(1) over-broadly/improperly calculating the likely class membership; and
(2) relying on impermissible speculation-evaluating without the benefit of evidence of the value of the individual claims.

As noted in the district judge's order, the plaintiffs also argued that:

_____

[1] Record document number 21.

[2] Record document number 25. The relevant background and procedural history are contained in the Magistrate Judge's Report and need not be repeated.

there is nothing on face of the petitions which would
allow the Magistrate to conclude that the number of
individuals who suffered injury is in excess of 100.
Consequently, the Magistrate used flawed reasoning in
concluding that "[a] minimal award compensating each
member of such a class for the alleged damages would more
likely than not satisfy the jurisdictional minimum."[3]

Plaintiffs' objections are based on the argument that "the
class definition was intentionally narrowly tailored to include
only those guests/occupants/employees/workers who, not only were
exposed to fungal substances such as mold and spores, but who
suffered injuries as a result of their fungal exposure."[4]
Plaintiffs argued that this narrow definition of the class
demonstrates that neither the allegations in the petition nor the
defendants' evidence satisfies the burden of showing by a
preponderance of the evidence that the aggregate amount in
controversy exceeds $5,000,000.

The allegations of the petitions do not support the
plaintiffs' objections and arguments.

Plaintiffs defined the class as follows:

All present or past guests/occupants/employees/
workers who occupied and/or performed work at Baton Rouge
West Inn hotel/public accommodations building from
September, 2005 to the date of their departure from the
building, who were exposed to fungal substance such as
mold and mold spores which were growing on building
materials and the by-products of the mold and mold spores

_____

[3] Record document number 25, Order, quoting plaintiffs'
objections, p. 3.

[4] Record document number 21-1, memorandum in support of
objections, p. 2.

2

that were released into the air, and who suffered injuries as a result of their fungal exposure.[5]

However, in the first paragraph of the Class Action Status section of their petition the plaintiffs also alleged that:

> The defendants' actions/inactions **affected all individuals who stayed as guests/occupants** of Baton Rouge West Inn, **and these individuals have suffered similar damages to those incurred by named plaintiffs.**[6]

Accepting these allegations in paragraph 15 at face value means that the plaintiffs' class allegations are not narrowly tailored. By alleging that all "guests/occupants" were affected and suffered damages similar to the named plaintiffs, the plaintiffs bring this entire group within the second criteria of their class definition (i.e., "and who suffered injuries as a result of their fungal exposure."). The only putative class members who would not be specifically covered by paragraph 15 would be the "employees/workers." All "guests/occupants" would be class members.

---

[5] Record document number 1, Notice of Removal, Exhibit A, attached Plaintiffs' First Supplemental and Amending Petition for Damages and Recognition as a Class Action, ¶ 17 (as amended).

[6] Record document number 1-2, exhibit A, p. 1, Petition for Damages and Recognition as a Class Action, ¶ 15 (emphasis added). Neither the Plaintiffs' First Supplemental and Amending Petition for Damages and Recognition as a Class Action nor their Second Supplemental and Amending Petition for Damages and Recognition as a Class Action amended the original ¶ 15. See record document numbers 1-2, exhibit A, p. 227, Plaintiffs' First Supplemental and Amending Petition for Damages and Recognition as a Class Action, and p. 197, Second Supplemental and Amending Petition for Damages and Recognition as a Class Action.

3

As alleged in the plaintiffs' class definition, the Baton Rouge West Inn is a hotel/public accommodations building.  It is not speculation to conclude that the number of persons staying at a hotel, which is commonly understood to mean a multi-room / multiple-occupancy-per-room facility that provides public accommodations, over a period of four and one-half to five years would be a group of thousands of guest/occupants.  Therefore, given this potential class size and the types of injuries and multiple categories of damages alleged,[7] it is facially apparent that the aggregate minimum jurisdictional amount required by Class Action Fairness Act (CAFA) is met.

Even if the required amount in controversy is not facially apparent, the defendants have alleged and included with their Notice of Removal evidence of the potential class size and amount of damages that is sufficient to satisfy their burden of establishing the jurisdictional amount.  Using the figures supplied by the defendants, there would have been approximately 96 rooms occupied daily from September 1, 2005 to January 31, 2010, for a total of 154,848 occupancy nights.[8]  It is reasonable to assume that some rooms would have been occupied by one person, others by more than one person, and some occupants would have stayed more

---

[7] Record document number 20, Magistrate Judge's Report and Recommendation, pp. 6-7.

[8] Record document number 1, Notice of Removal, ¶ 22.

4

than one day.  If the number of occupancy nights is reduced by half to account for multi-day stays and the probability of multi-person occupancy is ignored altogether, there would still be 77,424 occupancy nights from September 2005 through January 2010.  If each "guests/occupants" class member recovered only $65 in personal injury damages (which amount would clearly undervalue the types of injuries alleged by the plaintiffs), the $5,000,000 jurisdictional amount required to support CAFA jurisdiction would be met.  And this $65 figure does not include any recovery for the punitive damages or room rate reimbursements claimed by the plaintiffs.[9]  Consequently, the amount needed to support CAFA jurisdiction is present.

Insofar as the plaintiff's first objection can be interpreted as also arguing that 28 U.S.C. § 1332(d)(5)(B) is applicable, their argument is unpersuasive for two reasons.  First, as explained by defendant Gill Industries, Ltd. in its supplemental memorandum, the Fifth Circuit Court of Appeals has held that § 1332(d)(3) - (5) constitute exceptions to CAFA jurisdiction,[10] and the plaintiffs have the burden to both assert the exception in a motion to remand

---

[9] Defendants calculated the room rate reimbursement, at an average nightly rate of $45, would be almost $7,000,000.  Record document number 1, Notice of Removal, ¶ 22.

[10] *Frazier v. Pioneer Americas, L.L.C.*, 455 F.3d 542, 546 (5th Cir. 2006), cited in the Magistrate Judge's Report, p. 8, n. 5.

and to show that the exception applies.[11]   Plaintiffs neither
alleged in their motion to remand that § 1332(d)(5)(B) applies, nor
have they shown that it applies.   Second, the proposed plaintiff
class consists of well over 100 persons, as explained above and in
the Magistrate Judge's Report.

Plaintiffs' second objection, although stated as an objection
based on overvaluing the claims of the class members, is actually
a repackaging of their argument about the number of class members.[12]
This argument is addressed above and does not need to be addressed
again.

<u>**RECOMMENDATION**</u>

It is again the recommendation of the magistrate judge that

---

[11] *Frazier*, 455 F.3d at 546 ("We hold that plaintiffs have the
burden to show the applicability of the §§ 1332(d)(3)-(5)
exceptions when jurisdiction turns on their application."); *Broquet
v. Microsoft Corp.*, 2008 WL 2965074, at *1 (S.D.Tex. 2008)(party
relying on § 1332(d)(5)(B) exception to dispute CAFA jurisdiction
has burden of demonstrating that case is within exception); *DeHart
v. BP Am. Inc.*, 2010 WL 231744, at *7, n. 7 (W.D.La. 2010)(same).
Defendants cite *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d
144, 153 (3rd Cir. 2009), and other cases, but none from the Fifth
Circuit, for the proposition that a CAFA exception not raised in a
timely motion to remand is waived.   It is not necessary to resolve
this issue because even if the plaintiffs had timely asserted the
exception they failed to show that it is applicable.

[12] Record document number 21-1, p. 5.   Regarding the
plaintiffs' claim for recovery of room charges, the plaintiffs did
not object to the other components of the defendants' calculation,
i.e. the number of available rooms, the occupancy rate or the
average rate charged.   *Id*.   Nor did the plaintiffs specifically
object to the Court considering the nature of the damages sought
for their alleged physical injuries, mental anguish, loss of
income, medical expenses, punitive damages and attorney's fees.

the Plaintiffs' Motion to Remand be denied.

Baton Rouge, Louisiana, November 5, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE