UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MEL M. BISHOP, ET AL.

VERSUS

MAY AND YOUNG HOTEL, L.L.C.,
ET AL.

CIVIL ACTION

NUMBER 10-124-BAJ-SCR

# AMENDED
# RULING ON MOTION TO COMPEL DISCOVERY[1]

Before the court is the plaintiffs' Motion to Compel. Record document number 45. The motion is opposed by defendant May & Young Hotel, LLC d/b/a West Inn.[2]

Plaintiffs filed a Petition for Damages and Recognition as a Class Action in state court to recover damages for personal injuries resulting from exposure to mold at the Baton Rouge West Inn in Port Allen, Louisiana. Plaintiffs alleged that as owners/managers of the building the defendants had actual and constructive knowledge of the water leaks and fungal substances growing on the building and mold spores being released into the air. Plaintiffs asserted that the defendants failed to warn the occupants/guests of the building of such dangers. Plaintiffs sought certification of a class defined as follows;

All present and past guest/occupants/employees/

---

[1] A Ruling on Motion to Compel discovery was issued August 31, 2011. Record document number 51. This Amended Ruling on Motion to Compel Discovery supercedes the August 31, 2011 ruling.

[2] Record document number 49.

workers who occupied and/or performed work at Baton Rouge West Inn hotel/public accommodations building from September, 2005 to the date of their departure from the building, who were exposed to fungal substance such as mold and mold spores which were growing on building materials and the by-products of the mold and mold spores that were released into the air, and who suffered injuries as a result of their fungal exposure.[3]

A Scheduling Order was issued February 7, 2011, applicable to discovery related to class certification issues.[4] A subsequent Amended Scheduling Order extended the time to complete class certification fact discovery to July 15, 2011.[5] Plaintiff served the Plaintiffs' First Set of Class Discovery, which consists of interrogatories, requests for production of document and request for admission, on defendant May & Young on May 26, 2011. In its response, served July 13, 2011, the defendant provided some substantive information but also asserted objections to some interrogatories and document requests. Plaintiffs filed this motion seeking to compel the defendant to respond to their discovery requests fully and without objection. Plaintiffs also sought an award of expenses.

Neither the plaintiffs' motion nor their three-page supporting memorandum identified any specific interrogatory or request for production of documents as to which the plaintiffs contend the

---

[3] Record document number 1, Notice of Removal, Exhibit A, attached Plaintiffs' First Supplemental and Amending Petition for Damages and Recognition as a Class Action, ¶ 17 (as amended).

[4] Record document number 34.

[5] Record document number 42.

defendant's response is deficient. Instead the plaintiffs referred to categories of information and documents they sought, and argued that the defendant's discovery responses were non-responsive, incomplete and/or insufficient. Although the plaintiffs supplemented their motion with excerpts from the defendant's Rule 30(b)(6), Fed.R.Civ.P., deposition, their Motion for Leave to Supplement Record did not include arguments linking any particular deposition testimony to any particular discovery response.[6]

Similarly, the defendant did not identify in its opposition memorandum any particular contested discovery response. Defendant argued that the motion should be dismissed because its financial and business records are irrelevant to both class certification issues and the defendant's liability to the two individual plaintiffs.[7] Defendant also argued that production of the requested documents would impose an undue burden because the documents requested would pertain to thousands of individuals and would consist of tens of thousands of pages.

Plaintiffs have not shown that any particular discovery

---

[6] Plaintiffs supplemented their motion with excerpts from the defendant's Rule 30(b)(6) deposition. See record document number 47, Motion for Leave to Supplement Record filed August 10, 2011; record document number 48, order granting motion. The deposition excerpts were added as an exhibit to the plaintiffs' Motion to Compel rather than docketed separately. They were overlooked when the original ruling was issued. The excerpts have now been considered. Although the exhibit consists of 42 pages, pages 22-42 are duplicates of pages 1-21.

[7] Defendant also argued that they are confidential and the court should issue a protective order. It is not necessary to address this argument.

response is deficient. A general argument that all, or even most, of the defendant's discovery responses are deficient is not sufficient. Such an argument requires the court, in effect, to make the plaintiffs' arguments for them. Plaintiffs reference to deposition testimony from Shenquan Yang, the defendants Rule 30(b)(6), Fed.R.Civ.P., representative,[8] is too vague to support finding that the defendant's objections are unsupported or that an order compelling the defendant to serve supplemental responses is warranted.

Under Rule 37(a)(5)(B), Fed.R.Civ.P., if a motion to compel discovery is denied, the court shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them pay to the opposing party's reasonable expenses incurred in opposing the motion, unless the court finds that the motion was substantially justified or that other circumstances make an award of expenses unjust.

Although the plaintiffs' motion was not substantially justified, other circumstances make an award of expenses unjust. Plaintiffs previously filed a motion to compel discovery when the defendant failed to timely respond to the discovery requests at issue in this motion.[9] Defendant later served its discovery responses, counsel for the plaintiff advised the court, and the

---

[8] Record document number 45-1, supporting memorandum, p. 2.

[9] Record document number 38.

motion was denied as moot.[10]  Had the plaintiffs pursued an award of expenses in connection with their earlier motion, Rule 37(a)(5)(A) would have warranted an award of expenses because the discovery responses were provided after the motion was filed.  In these circumstances, an award to the defendant for the reasonable expenses it incurred in opposing this motion would be unjust.

Accordingly, the plaintiffs' Motion to Compel is denied.  The parties shall bear their respective expenses incurred in connection with this motion.

Baton Rouge, Louisiana, September 7, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] Record document numbers 43 and 44.